**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| R & D HOMES II, INC. | ) | Case No. 06-10533 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | | |
| WILLIAM P. MILLER, Trustee for R & D | ) | |
| Homes II, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 08-02027 |
| v. | ) | |
| | ) | |
| COLONIAL MATERIALS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on July 2, 2009 upon the Motion for Summary

Judgment (the "Motion") filed by Plaintiff William P. Miller, the duly-appointed Chapter 7

trustee (the "Trustee"), on March 30, 2009.  At the hearing, Christopher C. Finan appeared on

behalf of the Trustee and James A. Beck, II appeared on behalf of Defendant Colonial Materials,

Inc. ("Colonial Materials")  The Trustee seeks to avoid and recover a series of transfers from R &

D Homes II, Inc. (the "Debtor") to Colonial Materials pursuant to Section 547(b) of the

Bankruptcy Code and the Uniform Fraudulent Transfer Act ("UFTA"), enacted in North Carolina

as N.C. Gen. Stat. §§ 39-23.1 et seq.  After consideration of the Motion, the arguments of the

parties, and the relevant law, the Court will deny the Motion.[1]

## I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F) and (H), which this Court has the jurisdiction to hear and determine.

## II.  STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.  Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).  In considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994),

---

[1]Local Bankruptcy Rule 7056-1(b) provides that a motion for summary judgment shall be accompanied by a brief in support of the motion.  If such a motion is not accompanied by the required brief, the court may, in its discretion, summarily deny the motion.  LBR 7056-1(g).  The Trustee did not file a brief with the Motion as required by LBR 7056-1(b).  Rather, the brief was filed a mere two days before the hearing on the Motion.  Despite the fact that the brief was untimely, the Court will rule on the merits of the Motion.

cert. denied, 513 U.S. 813 (1994).  The moving party has the burden of establishing that there is

an absence of any genuine issue of material fact, and all reasonable inferences must be drawn in

favor of the nonmoving party.  Celotex, 477 U.S. at 323.

### III.  DISCUSSION

The Trustee argues that two payments made by the Debtor to Colonial Materials are

preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.  Section 547(b) states

that a trustee may avoid any transfer of an interest of the debtor in property if the transfer was "to

or for the benefit of a creditor."  11 U.S.C. § 547(b)(1).  The Trustee has made no showing that R

& D Homes, Inc., which contracted with Colonial Materials to make improvements on the

Debtor's real property, is a creditor of the Debtor.  The Trustee has also taken conflicting

positions about whether Colonial Materials is a creditor of the Debtor.  Colonial Materials asserts

that it is not a creditor.  Therefore, a genuine issue of material fact exists as to whether the

transfers were made to or for the benefit of a creditor.

The Trustee also contends that the transfers at issue are fraudulent under the UFTA

because the Debtor did not receive reasonably equivalent value in exchange for the transfers.

The Trustee argues that without a legal obligation to pay Colonial Materials for the materials that

were delivered to and incorporated into the Debtor's property, there can be no value associated

with the materials under the UFTA.  As there was no contract between the Debtor and Colonial

Materials, the Trustee asserts that no value can be associated with the improvements.  The Court

disagrees.  The UFTA states that value is given if property is transferred in exchange for a

transfer or an obligation.  N.C. Gen. Stat. § 39-23.3(a).  To have a claim for a fraudulent transfer,

the Debtor must either make a transfer or incur an obligation to pay without receiving reasonably

3

equivalent value in return.  N.C. Gen. Stat. § 23.4.  The existence of a legal obligation incurred

by the Debtor is sufficient to find a fraudulent transfer, but it is not a necessary element if, as

alleged, the Debtor transferred payment in exchange for the materials.

Colonial Materials asserts that in addition to the improvements to the Debtor's property,

it gave value by waiving its right to file a claim of lien on the Debtor's property.  The Trustee

argues that the Colonial Materials could not file a valid claim of lien because there was no

contractual obligation between the Debtor and Colonial Materials, and therefore the Debtor did

not receive any value.  However, pursuant to North Carolina law, a first tier subcontractor is

subrogated to the claim of lien on real property of the contractor.  N.C. Gen. Stat. § 44A-23(a).

This right is "a separate right of subrogation to the lien of the contractor who deals with the

owner, distinct from the rights contained in N.C.G.S. § 44A-18, meaning the subcontractor may

assert whatever lien that the contractor who dealt with the owner has against the owner's real

property relating to the project." Carolina Bldg. Services' Windows & Doors, Inc. v. Boardwalk,

LLC, 658 S.E.2d 924, 927 (N.C. 2008) (quoting Elec. Supply Co. of Durham, Inc. v. Swain Elec.

Co., 403 S.E.2d 291, 297 (N.C. 1991)).  Based on the record before the Court, it is possible for

Colonial Materials to assert a claim of lien on the Debtor's real property.  Therefore, a genuine

issue exists as to whether the Debtor received reasonably equivalent value in exchange for the

transfers.

### IV.  CONCLUSION

The Court finds that a genuine issue exists as to whether the transfers made by the Debtor

to Colonial Materials were to or for the benefit of a creditor and whether the Debtor received

reasonably equivalent value in exchange for the transfers.  Therefore, the Motion will be denied.

4

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| R & D HOMES II, INC. | ) | Case No. 06-10533 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | | |
| WILLIAM P. MILLER, Trustee for R & D | ) | |
| Homes II, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 08-02027 |
| v. | ) | |
| | ) | |
| COLONIAL MATERIALS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Christopher C. Finan

James A. Beck, II

William P. Miller

R & D Homes II, Inc.

Colonial Materials, Inc.

6